## Commonwealth ex rel. District Attorney v. Moyer et al.

*Public officers — Township auditors — Accounts — Itemized statements— Mandamus — District attorney as party plaintiff — Act of July 14, 1917— Amendments.*

1. The district attorney is the proper party plaintiff in mandamus proceedings to compel township auditors to file "concise itemized statements" of their receipts and expenditures as provided by the Act of July 14, 1917, P. L. 840.

2. The duty to file itemized statements under the act is a ministerial and not a discretionary one, and mandamus is the proper remedy to enforce it.

3. Entries in township auditors' accounts of lump sums for labor, hauling, etc., are improper and the auditors may be compelled by mandamus to file itemized statements of such expenditures.

4. Where township auditors file what they term a "demurrer" to a petition for mandamus, they may be allowed to amend by calling the paper filed an "answer," where it is such in fact.

Petition for mandamus. C. P. Schuylkill Co., March T., 1925, No. 575.

*William M. Faussett, P. H. Burke* and *M. M. Burke,* for petitioners.

*Joseph W. Moyer* and *George Reed,* for respondents.

KOCH, J., May 18, 1925.—On Jan. 27, 1925, O. C. Moyer and G. W. Greenawalt, Auditors of the Township of Wayne, filed with the Clerk of the Court of Quarter Sessions of this county their report of said township for the year 1924. G. M. Reber, the third respondent, is not an auditor of the township and his name will, therefore, be dropped from the case.

The report properly shows all receipts, but objection is made to the manner in which the expenditures are set down in the report, because they are not itemized. We will quote the first four items of expenditures as they appear in the report to illustrate the general character of the report respecting expenditures, as follows: "Labor, $2894.94; hauling, $974.79; shoveling snow, $133.34; mason work, $33.00."

Moyer and Greenawalt filed a demurrer which raises two questions: *(a)* Whether the district attorney is a proper party; and *(b)* whether a mandamus will lie to compel the auditors to make their report in such form as to show the particular items that go to make up labor at $2894.94, hauling at $974.79, shoveling snow at $133.34, and mason work at $33.00, etc., etc.

Since argument was had, the respondents have moved for leave to amend their so-called demurrer by striking out the word "demurrer" and inserting in lieu thereof the word "answer" wherever the word "demurrer" occurs. We will grant their motion as of the date upon which it was made. See Com. *v.* Mathues, 210 Pa. 372, 379.

The General Township Act of July 14, 1917, P. L. 840, requires auditors of townships annually to file with the Clerk of the Court of Quarter Sessions "a concise itemized statement of all receipts and expenditures of the several officers for the preceding fiscal year;" and as this report does not show, in the instances stated, who labored, hauled, shoveled snow or did masonry work, nor any other particulars in regard thereto, this proceeding is sought to compel the making and filing of such statement or report.

The petitioner alleges that there is no adequate and specific remedy at law, and the respondents allege that they have exercised their discretion and cannot be called upon to exercise it again.

"It is well settled that mandamus will lie to compel the performance by public officers of duties purely ministerial in their character, but it is equally well settled that, as to all acts and duties necessarily calling for the exercise

of judgment and discretion on their part, mandamus will not lie. Whilst the writ may perhaps be awarded to set the latter class of officers in motion and to compel action upon the particular matters over which they may have jurisdiction, it will in no manner interfere with the exercise of that discretion nor control or dictate the judgment or decision which shall be reached:" Dechert, Controller of Philadelphia, v. Com., 113 Pa. 229, 235.

"Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong: Com. ex rel. Griffith v. Cochran, 5 Binney, 87; Com. v. Perkins, 7 Barr, 42; Com. v. Mitchell, 82 Pa. 343:" Runkle v. Com., 97 Pa. 328, 332.

A mandamus was refused in Com. ex rel. Griffith v. Cochran, 5 Binney, 87, where it was applied for to compel the secretary of the land office to recalculate the purchase money and interest on land sold when he had already done so in an erroneous manner. It was held that mandamus would not lie to compel him to make the calculation correctly. In that case the Supreme Court said, at page 103: "Where a ministerial act is to be done, and there is no other specific remedy, a mandamus will be granted to do the act which is required. But where the complaint is against a person who acts in a judicial or deliberative capacity, he may be ordered by mandamus to proceed to do his duty, by deciding and acting according to the best of his judgment, and the court will not direct him in what manner to decide."

We think the requirement to file "a concise itemized statement of all receipts and expenditures of the several officers for the preceding year" is a ministerial act and not a judicial, deliberative or discretionary act. To itemize means "to state by items; give the items or particulars of; as, to itemize an account:" Century Dictionary. The same dictionary defines "item" as "an article; a separate particular; a single detail of any kind; as, the account consists of many items."

The statement in this case is rather a *classified* than an *itemized* statement. To collect all the items of labor-cost and then to put down their total, as "Labor, $2894.94," is not making an itemized statement as to labor-cost. Such work is the consolidating of many items or particulars into a general or blanket item, and is not a compliance with the law's requirement to make "a concise itemized statement of all . . . expenditures." This provision of the law imposes upon the township auditors a plain duty which leaves no discretion to them. That duty calls for the exercise of no judgment or discretion on the part of the auditors; it simply requires them to do a certain thing, and their refusal to do that thing may visit them with the court's command to do it.

The taxpayer's right of appeal is intended for the correction of errors in calculation, errors in judgment, inadvertent errors, fraudulent errors or any other kind of error that, if permitted to stand uncorrected, will affect the true financial liability of any officer to the township or of the township to any officer. This is apparent from the condition of the bond that must be given by an officer or taxpayer when he appeals from an auditors' report, as provided in section 333 of the General Township Act. That section is as follows: "No appeal by a taxpayer or officer shall be allowed unless the applicant shall enter into recognizance to prosecute the same with effect, and to pay all costs accruing thereon, in case, if the appellant be a taxpayer, he shall fail to obtain a final decision more favorable to the township than that

awarded by the auditors, or, in case the appellant be an accounting officer, he shall fail to obtain a final decision more favorable to the officer than that awarded by the auditors."

"A writ of mandamus may issue upon the application of any person interested:" 3 Purd., 2425, pl. 3. But "when the writ is sought to procure the enforcement of a public duty, the proceeding shall be prosecuted in the name of the Commonwealth on the relation of the Attorney-General: Provided, however, that said proceeding, in proper cases, shall be on the relation of the district attorney of the proper county," etc.

Therefore, as this writ is sought to enforce the performance of a public duty, the district attorney is properly the relator, and the respondents may be compelled to file "a concise itemized statement," not only of the receipts, but of the expenditures also. Such itemized statement will then afford any officer or taxpayer an opportunity to appeal and to file exceptions to particular items.

And now, May 18, 1925, the prayer of the district attorney is granted, and the respondents, O. C. Moyer and G. W. Greenawalt, Auditors of the Township of Wayne, are commanded to prepare and file with the Clerk of the Court of Quarter Sessions of this county a concise itemized statement of the receipts and expenditures of the several officers of said Township of Wayne for the year 1924. A peremptory mandamus is awarded and directed to issue forthwith.